14-CV-07721 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINA GONZALEZ,

                                                    Plaintiff,

                         -against-

OFFICER MEDINA Shield 5939,

                                                    Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION AND REARGUMENT

*ZACHARY CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Joy Anakhu & Andrew Lucas*
*Tel:  (212) 356-2373*
*Matter  #:  2014-035224*

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS/PROCEDURAL HISTORY ...................................................... 1

STANDARD OF REVIEW ..................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

    **VTL § 1156(A) APPLIES IN THE CITY OF NEW YORK** ..................... 3

    **PLAINTIFF'S VIOLATION OF VTL § 1156(A) JUSTIFIES HER ARREST UNDER THE FOURTH AMENDMENT** .............................................................................. 5

    **DEFENDANT MEDINA IS ENTITLED TO QUALIFIED IMMUNITY** .............................................................................. 7

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

Anderson v. Creighton, 483 U.S. 635, 640 (1987) ............................................................ 8

Ashcroft v. al-Kidd, 563 U.S. 731 (2011)......................................................................... 7

Atwater v. City of Lago Vista, 532 U.S. 318, 324 (2001) ................................................. 7

Atwater v. Lago Vista, 532 U.S. 318 (2001) ..................................................................... 6

Barbosa v. Dean, 390 N.Y.S.2d 79, 80 (App. Div. 1st Dep't 1976)........................... 3, 5

Broadway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994)............................................ 7

Brown v. City of New York, 798 F.3d 94 (2d Cir. 2015).................................................. 7

Brown v. City of New York, *798 F.3d 94* (2d Cir. Aug. 19, 2015) ................................ 9

Brown v. Texas, 443 U.S. 47, 99 S. Ct. 2637, 61 L. Ed. 2d 357 (1979) ........................ 9

Cerrone v. Brown, 246 F.3d 194, 199 (2d Cir. 2001)...................................................... 8

Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2014) ................................................................ 7

Gonzalez  v. City of New York, 2016 U.S. Dist. LEXIS 134474 (S.D.N.Y. 2016)..................... 1

Hiibel v. Sixth Judicial District Court, 542 U.S. 177 (2004)........................................... 9

Medisim Ltd. v. BestMed LLC, 2012 U.S. Dist. LEXIS 56800 (S.D.N.Y. 2012) ....................... 2

Occupy Nashville v. Haslam, 769 F.3d 434, 442-43 (6th Cir. 2014) ............................. 8

People v Winsor, 2016 N.Y. Misc. LEXIS 3540 (N.Y. Crim. Ct. Sept. 19, 2016.) ..................... 8

Rullan v. New York City Dep't of Sanitation, 2012 U.S. Dist. LEXIS 2896 (S.D.N.Y.
    2012) ............................................................................................................................ 2

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) .................................... 2

Smart v. City of New York, 2009 U.S. Dist. LEXIS 30241 (S.D.N.Y. 2009) ............................ 6

Terry v. Ohio, 392 U.S. 1, 31, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) ...................... 9

United States v. Bernacet, 724 F.3d 269 (2d Cir. 2013).................................................. 6

United States v. Scopo, 19 F.3d 777 (2d Cir. 1994) ....................................................... 6

Virginia v. Moore, 553 U.S. 164 (2008)........................................................................... 6

Wood v. Moss, 134 S. Ct. 2056, 2059 (2014) ................................................................. 7

## STATUTES

34 RCNY § 4-02(e)....................................................................................................... 3, 4, 5

34 RCNY § 4-04(c)(2) ..................................................................................................... 1, 9

N.Y. Crim. Proc. Law § 140.10(1)(a) ................................................................................ 6

N.Y. VTL § 155 ................................................................................................................... 6

NY PL § 195.05 ................................................................................................................ 10

NY PL § 240.20 ................................................................................................................. 9

VTL § 1156(a) ............................................................................................................ passim

VTL § 1642 ................................................................................................................. 3, 4, 5

VTL §1156(a) ..................................................................................................................... 5

VTL §1156(b) ..................................................................................................................... 4

## RULES

S.D.N.Y. Local Civil Rule 6.3 ....................................................................................... 1,2

## TREATISES

N.Y. Pattern Jury Instructions....................................................................................... 3

## PRELIMINARY STATEMENT

Defendant Juan Medina brings the following motion to reconsider and reargue pursuant to Local Civil Rule 6.3.  In the September 29, 2016 order, the Court denied defendant's motion for summary judgment on plaintiff's July 31, 2012 false arrest claim.  Specifically, the Court found that, viewing the facts in the light most favorable to the plaintiff, Officer Medina did not have probable cause, and qualified immunity did not apply.  Specifically, the Court discounted VTL § 1156(a) as invalid within New York City; found that 34 RCNY § 4-04(c)(2) did not apply as plaintiff had entered but was not crossing the road; that traffic infractions cannot justify an arrest; and that plaintiff had no obligation to produce identification to Officer Medina.

Defendants now move for reconsideration and reargument as VTL § 1156(a) explicitly applies within New York City; plaintiff's unlawful conduct justified her arrest even if it did not rise to the level of a misdemeanor; plaintiff did have an obligation to produce identification; and even to the extent he lacked probable cause to arrest, Officer Medina is still entitled to qualified immunity.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

For purposes of deciding this motion, Defendants respectfully refer the Court to the statement of facts contained in the Court's September 29, 2016 Order, Gonzalez  v. City of New York, 14cv7721 (LGS), 2016 U.S. Dist. LEXIS 134474 (S.D.N.Y. Sep. 29, 2016)  and the facts summarized in Defendants' motion for Summary Judgment and 56.1 statement of facts. See ECF Nos. 85 & 86.

Pursuant to the Court's January 5, 2016 order defendants filed their motion for summary judgment on February 16, 2016.  See ECF No. 83.  It was fully briefed on April 12, 2016.  See ECF No. 98.  The Court ruled on that motion on September 29, 2016.  See ECF No.

99; Exhibit A.   Defendants hereby incorporate the full motion papers and supporting submissions.

## **STANDARD OF REVIEW**

A motion for reconsideration is proper where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."   Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Pursuant to Local Civil Rule 6.3 the Court may reconsider a prior decision to "'correct a clear error or prevent manifest injustice.'"   Medisim Ltd. v. BestMed LLC, 2012 U.S. Dist. LEXIS 56800, at *2-3 (S.D.N.Y. Apr. 23, 2012 (citing RST (2005) Inc. v. Research in Motion Ltd., 597 F.Supp.2d 362, 364 (S.D.N.Y. 2009)); Rullan v. New York City Dep't of Sanitation, 2012 U.S. Dist. LEXIS 2896 (RPP), at *4 (S.D.N.Y. Jan. 10, 2012).  A request for reconsideration "must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc., 597 F.Supp. 2d at 364.

Defendants seek reconsideration of the Order pursuant to Local Rule 6.3.  Local Rule 6.3 provides in pertinent part:  "[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." U.S. Dist. Ct., S.D.N.Y., Civil L.R. 6.3. for the reasons set forth herein, defendants respectfully request that the court reconsider its

September 29, 2016 order and grant summary judgment as to all claims predicated on the fourth

date of incident, July 31, 2012.

## ARGUMENT

### VTL § 1156(a) APPLIES IN THE CITY OF NEW YORK

In the September 29, 2016 decision the Court did not consider any argument for

probable cause or qualified immunity related to plaintiff's violation of VTL § 1156(a),

concluding: "[t]his provision is not applicable in New York City and therefore cannot provide

probable cause for an arrest."  For authority the Court relied upon two provisions of law, Barbosa

v. Dean, 390 N.Y.S.2d 79, 80 (App. Div. 1st Dep't 1976), and § 2:76 of the N.Y. Pattern Jury

Instructions.[1]

As a city which meets the parameters described in VTL § 1642, the City of New

York has the power to make certain regulations and supersede requirements set forth in the

Vehicle and Traffic Laws.  The City of New York has identified each superseded Vehicle and

Traffic Law under 34 RCNY § 4-02(e).  That sections states: "Pursuant to authority provided by

§1642 of the Vehicle and Traffic Law, the following provisions of such law shall not be effective

in the City of New York: §§1112, 1142(b), 1150, 1151, 1152, 1153, 1156(b), 1157, 1171, 1201,

1202, and 1234."  34 RCNY § 4-02(e); See Exhibit B p. 18; Exhibit F p. 3.  Critically, VTL §

1156(a) is neither identified in this section nor otherwise superseded in the City of New York.[2]

The Pattern Jury Instructions relied upon by this Court explicitly relies upon that

section, 34 RCNY 4-02(e), in concluding (although inaccurately) that VTL § 1156(a) does not

---

[1] Defendants note that plaintiff never set forth the argument that VTL § 1156(a) did not apply in New York, or a response to any of the other specific provisions of law, and as such defendants never had occasion to clarify the status of that provision.

[2] See Exhibit F, for a 2007 version of 34 RCNY § 4-02(e) which predates the events in plaintiff's July 2012 claim. As in the 2016 version, the 2007 codification of 34 RCNY §4-02(e) also did not supersede VTL § 1156(a), and that law remained in force in New York City.

apply in the City of New York.  The PJI partially quoted by this Court states in full, "These sections do not apply in the City of New York, see section 402(e) of the New York City Traffic Rules."  See Pattern Jury Instructions § 2:76 annexed as Exhibit C, p. 443.  Again, 34 RCNY 4-02(e), referred to as "402(e) of the New York City Traffic Rules," defines what VTL sections are superseded in the City of New York.  Unlike VTL §1156(b); VTL § 1156(a) is not superseded, and was not superseded at the time of plaintiffs July 31, 2012 incident.  See Exhibit B p. 18; Exhibit F p. 3.  Additionally, regardless of their utility in the Courtroom, the Pattern Jury Instructions are produced by a voluntary state bar association and do not have the force of law. The Pattern Jury Instructions cannot supplant the power granted under state law to the City of New York to supersede sections of the VTL under VTL § 1642.  The City of New York did not supersede 1156(a) and that law remains in force.  This is particularly clear where the sole authority relied upon by the Pattern Jury Instructions in stating VTL § 1156(a) does not apply in New York City makes no reference to that provision being superseded at all, even when identifying other subparts of that same section.

Conversely, state courts have found that VTL § 1156(a) does apply inside New York City.  See Cohn v. Khan, 89 A.D.3d 1052 (2d Dep't 2011) as Exhibit D.  There an appellate panel applied VTL § 1156(a) to a case in Brooklyn.  Similarly, see Rabinovich v. Licata, 13 Misc.3d 1211(A) (2d Dep't Sup. Ct. 2007) as Exhibit E.  There a trial court applied VTL § 1156(a) in Staten Island.  The trial court assumed VTL § 1156(a) applied and conducted an analysis under that statue after noting by reference to PJI § 2:76 that it may not apply.  As discussed above, PJI § 2:76 relies upon 34 RCNY § 4-02(e) for its sole authority, a statute which leaves VTL § 1156(a) in force in New York City.

The sole case law relied upon for the proposition that VTL § 1156(a) does not apply is Barbosa v. Dean, 390 N.Y.S.2d 79, 80 (App. Div. 1st Dep't 1976).  Even setting aside the subsequent case law that applies VTL § 1156(a) inside New York City, Barbosa still fails.  It is no longer good law, and relies upon statues that have been amended and recodified, making the order in that case a misstatement of the law as it stands today.  The sole authority relied upon by the 1976 Barbosa court for the proposition that VTL § 1156(a) does not apply is "New York City Traffic Regulations, § 190."  That provision, was a prior codification of 34 RCNY § 4-02(e).  It also identified sections of the Vehicle and Traffic Law that the City suspended by the power granted under VTL § 1642.  See Exhibit G.  The Barbosa court stated correctly at the time that § 190 rendered both VTL § 1156(a) and (b) ineffective inside the City of New York.  See Exhibit G.  That is no longer true.  The amended and recodified law explicitly leaves VTL § 1156(a) effective inside New York City, and only renders 1156(b) superseded.  This was true both on the date of plaintiff's arrest, and is still true today.  See Exhibit B p. 18; Exhibit F p. 3.

For these reasons, VTL § 1156(a) applies in New York City, and did apply on July 31, 2012.  Plaintiff cannot and does not dispute that she was in violation of that provision, and as such, probable cause did exist and Officer Medina is entitled to qualified immunity.

### PLAINTIFF'S VIOLATION OF VTL § 1156(a) JUSTIFIES HER ARREST UNDER THE FOURTH AMENDMENT

As noted *supra*, and as evidenced by the record, plaintiff violated VTL §1156(a), which prohibits pedestrians from "walk[ing] along and upon an adjacent roadway" where sidewalks are provided and can be used safely. See N.Y. Veh. & Traf. Law § 1156(a). While plaintiff's unlawful conduct might be seen as a minor traffic infraction that "does not constitute even a misdemeanor under state law" (see Exhibit A, pp. 23), the act of placing her under arrest, even momentarily for 15 minutes, does not amount to a constitutional violation. "In a long line of

cases, [the Supreme Court] ha[s] said that when an officer has probable cause to believe a person committed even a minor crime in his presence . . . the arrest is constitutionally reasonable." Virginia v. Moore, 553 U.S. 164, 171 (2008), citing Atwater v. Lago Vista, 532 U.S. 318, 354 (2001). "Even though [a traffic] violation may be reasonably characterized as a 'minor' offense, it is well-established that an officer's direct observation of even a minor traffic violation is sufficient probable cause to arrest the violator." Smart v. City of New York, 2009 U.S. Dist. LEXIS 30241, *14 (S.D.N.Y. 2009) (finding that NYPD officers had probable cause to arrest the plaintiff where they observed plaintiff violating New York's Vehicular Traffic Law by double parking his vehicle facing the opposite direction of traffic); see United States v. Scopo, 19 F.3d 777, 781-82 (2d Cir. 1994) (finding officers had probable cause to arrest defendant where the officers directly observed defendant violating the traffic laws by failing to signal while changing lanes, notwithstanding the fact that the violation was minor); see also N.Y. VTL § 155 (McKinney 2002) ("For purposes of arrest without a warrant, pursuant to article one hundred forty of the criminal procedure law, a traffic infraction shall be deemed an offense."); N.Y. Crim. Proc. Law § 140.10(1)(a) (McKinney 2010) (authorizing a police officer to arrest a person without a warrant "for . . . any offense when he has reasonable cause to believe that such person has committed such offense in his presence").

Any attempt by plaintiff to distinguish her offense as too minor under criminal procedure law, *e.g.* merely a violation or local law violation, misunderstands the clear legal distinction drawn by the U.S. Supreme Court in Atwater and followed by the Second Circuit. "[T]he Fourth Amendment does not incorporate state procedural criminal law. While States are free to regulate [warrantless] arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." United States v. Bernacet, 724 F.3d 269, 277 (2d Cir. 2013)

(quotations omitted).  To the extent plaintiff did opine about her unlawful act being minor as a matter of state procedural law the Supreme Court and Second Circuit has been consistent in stating that a custodial arrest, even for a comparatively minor traffic infraction, does not amount to a constitutional violation if probable cause is present for any offense.  See also Brown v. City of New York, 798 F.3d 94 (2d Cir. 2015) (The Plaintiff's argument that New York law requires an officer's personal observation of facts alleged to support an arrest for a violation, such as disorderly conduct, is unavailing.); Atwater v. City of Lago Vista, 532 U.S. 318, 324 (2001) (finding no constitutional violation for a full custodial arrest following a seatbelt violation.)

## DEFENDANT MEDINA IS ENTITLED TO QUALIFIED IMMUNITY

"The doctrine of qualified immunity protects government officials from liability for civil damages unless [] (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.  Wood v. Moss, 134 S. Ct. 2056, 2066-2067 (U.S. 2014) (quoting Ashcroft v. al-Kidd, 563 U.S. 731 (2011)). Defendant Medina is entitled to qualified immunity if he can satisfy either part of a two part test. "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2014).  (see also Wood v. Moss, 134 S. Ct. 2056, 2059 (2014)).  Broadway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) ("qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known . . . or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights.").

In the first instance, assuming <u>arguendo</u> that VTL § 1156(a) did not apply inside New York City, that has not been so clearly established as to overcome Defendant Medina's right to qualified immunity. The requirement that a right be clearly defined requires a considerable showing keyed to the particular circumstances the individual defendants confronted.  "[I]n the light of pre-existing law the unlawfulness must be apparent.  In other words, existing precedent must have placed the statutory or constitutional question . . . beyond debate." <u>Occupy Nashville v. Haslam</u>, 769 F.3d 434, 442-43 (6th Cir. 2014) (quoting <u>Plumhoff v. Rickard</u>, 134 S. Ct. 2012, 2023, (2014); <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987)). The definition of the right requires controlling precedent on that issue.  "[I]n deciding whether a particular right was clearly established as of a particular time, we must determine (i) whether the right at issue was defined with reasonable clarity; (ii) whether the Supreme Court or the Second Circuit had affirmed the existence of the right; and (iii) whether reasonable  police officers in the defendants' position would have understood from the existing law that their conduct was unlawful." <u>Cerrone v. Brown</u>, 246 F.3d 194, 199 (2d Cir. 2001) (quotations omitted).  Here, not only is there a lack of controlling authority stating that VTL § 1156(a) does not apply, but no controlling decisions at all.   The authority available, quite to the contrary, at a minimum entertains the application of the statute in New York City by a state appellate panel.  <u>See</u> Exhibits D, E.  Similarly, the only statutory authority that could limit the application of VTL § 1156(a) explicitly does not limit it, and did not at the time of plaintiff's July 2012 incident.  <u>See</u> Exhibits B, F.  As such, it was not clearly established that VTL § 1156(a) did not apply, and defendant Medina is entitled to qualified immunity.  Alternatively, he is entitled to qualified immunity as it was at least arguably reasonable to charge that provision of law inside New York City.[3]  <u>People v Winsor</u>, 2016SN016969, 2016 N.Y. Misc. LEXIS 3540 (N.Y. Crim. Ct. Sept. 19, 2016.)

---

[3] Defendants note it remains undisputed that there was a sidewalk available and plaintiff deliberately entered and

Similarly, the arrest of plaintiff would be justified under 34 RCNY § 4-04(c)(2). The September 29, 2016 decision stresses that plaintiff was "not at an intersection and was not crossing the roadway."  See Exhibit A, p. 23.  However, the plain language of this provision makes clear that plaintiff was in violation of 34 RCNY § 4-04(c) generally, if not for that specific and narrow provision.  Plaintiff entered a roadway without regard for walk signals or a crosswalk, in a general violation of that law which is commonly referred to as jaywalking. Seeing an individual enter a roadway outside of a crosswalk, and without the use of a traffic control signal, could arguably constitute jaywalking, particularly here, where plaintiff approached Officer Medina without his knowledge, and potentially from across the street.  At a minimum reasonable officers could differ about the applicability of the statute, and Officer Medina is entitled to qualified immunity on this point.

Finally, the Court discounted Officer Medina's right to inquire as to plaintiff's identification and probable cause under NY PL § 195.05.  Again, defendants turn to controlling authority from the Second Circuit.

> Although Brown contends that she was entitled to refuse to produce an ID, her reliance on the coincidentally named case, Brown v. Texas, 443 U.S. 47, 99 S. Ct. 2637, 61 L. Ed. 2d 357 (1979), is unavailing. In that case, involving a prosecution for failure to produce an ID, the officers lacked even the "articulable suspicion," Terry v. Ohio, 392 U.S. 1, 31, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) (Harlan, J., concurring), needed for a Terry stop, see Brown, 443 U.S. at 51-52. Here, the facts known to the officers, even if insufficient for an arrest, fully justified a Terry stop to ask for an ID, see Hiibel v. Sixth Judicial District Court, 542 U.S. 177, 185-89, 124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004), and necessarily supported a qualified immunity defense to a damages claim based on that stop.

Brown v. City of New York, 798 F.3d 94 (2d Cir. Aug. 19, 2015).  In Brown the justification for the request for identification was a disorderly conduct violation under NY PL § 240.20.  As here, a comparatively minor offense.  In that case the District Court below agreed

---

remained in the roadway.

that the refusal to produce identification justified not only an arrest under NY PL § 195.05, but sensibly required further action by the officer to confirm the identity of the plaintiff.

Here, plaintiff was acting strangely, and in violation of the law when she engaged Officer Medina. Not knowing who she was, be it a person in need of assistance, a disoriented individual, or someone who could potentially be a threat, he inquired.  Plaintiff combatively refused to identify herself or to provide identification.  In the face of her decision to confront Officer Medina, while she was in violation of several provisions of law, he was entitled to request her identification and briefly detain her when she refused.  That same determination is only further justified by her boast that she was on a wanted poster in the police precinct.

Again, plaintiff was acting unusually, while violating the law.  When Officer Medina approached her she became increasingly combative and she refused to provide identification.  After a short period of time she gave her first name only, and stated that her photo was on the wall of the police precinct.  At that point it was incumbent on Officer Medina to detain her.  Given the information and circumstances available it was at least arguably reasonable to detain plaintiff. Arguably plaintiff had indicated that she was wanted for a crime when she referenced her picture being posted in a precinct coupled with a refusal to give ID. Arguably she could be disoriented or have needed assistance as she approached a police officer in a lane of traffic.  Additionally, as the Second Circuit makes clear, it is far from clearly established that a refusal to provide identification when violating a comparatively minor provision of law cannot justify an arrest under NY PL § 195.05.  In fact, the minor provisions of law in question typically require confirmation of a subject's identity to be able to write even a basic traffic citation, making that requirement clear.  As such, defendant Medina is entitled to qualified immunity on each of the charges discussed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Medina respectfully requests that the Court reconsider its September 29, 2016 decision and dismiss, with prejudice, all claims stemming from plaintiff's July 2012 incident date and for such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              October 13, 2016

                           ZACHARY CARTER
                           Corporation Counsel - City of New York
                           *Attorney for Defendants*
                           100 Church Street
                           New York, New York 10007
                           (212) 356-2323

                    By:     /s/ _____
                           Joy Anakhu, Andrew Lucas
                           New York City Law Department
                           Special Federal Litigation Division