UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                    :

CHRISTINA GONZALEZ,                :

                           Plaintiff,  :

                                                      :

                     -against-        :

                                                        :

CITY OF NEW YORK, et al.,         :

                          Defendants. :

                                                      :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2017

14 Civ. 7721 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Christina Gonzalez commenced this action asserting violations of her First, Fourth and Fourteenth Amendment rights based on her arrest by the New York Police Department ("NYPD") on four separate occasions in 2011 and 2012.  The Court previously dismissed some claims and some Defendants in 2015, and granted summary judgment on all but one remaining claim in an Order and Opinion dated September 29, 2016 (the "Opinion").  The sole remaining defendant, Juan Medina, timely moves for reconsideration of the Opinion's denial of summary judgment on Plaintiff's false arrest claim.  For the following reasons, the motion is granted, and summary judgment is granted.

      Familiarity with the Opinion, the underlying facts and procedural history is assumed.

**I.   LEGAL STANDARD**

      "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Surveys,*

*Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks and citation omitted).  The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a) rests within "the sound discretion of the district court."  *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## II.    DISCUSSION

Defendant Medina moves for reconsideration of the Opinion's finding that he lacked probable cause to arrest and the denial of qualified immunity.  Defendant argues that New York Vehicle and Traffic Law § 1156(a) applies within New York City; Plaintiff's conduct warranted her arrest even if it did not rise to the level of a misdemeanor; Plaintiff had an obligation to produce identification; and to the extent he lacked probable cause to arrest, Officer Medina is still entitled to qualified immunity.

As discussed in the Opinion, "qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal citation and quotation marks omitted).  "[C]learly established law should not be defined at a high level of generality." *White v. Pauly*, 580 U.S. __, No. 16-67, slip op. at 6 (Jan. 9, 2017) (vacating and remanding case denying qualified immunity where appellate panel "failed to identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment.").  Stated alternatively, in a suit alleging false arrest, an officer is entitled to qualified immunity if he had "arguable probable cause to arrest the plaintiff," which

2

exists when "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015).

The Opinion relied primarily on *Barbosa v. Dean*, 390 N.Y.S.2d 79, 80 (App. Div. 1st Dep't 1976) in concluding that New York Vehicle and Traffic Law § 1156(a) was not applicable in New York City and therefore could not serve as a basis for probable cause to arrest.  Upon reconsideration, Defendant cites new case law and versions of the New York City Department of Transportation Vehicle and Traffic Rules to show that the City rules have been superseded since *Barbosa* to exclude only § 1156(b) of the state law from applicability within New York City -- meaning that § 1156(a) was in effect in New York City at the time of Plaintiff's arrest.  Section 1156(a) provides, "[w]here sidewalks are provided and they may be used with safety it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway."  N.Y. Veh. & Traf. § 1156(a).  A violation of § 1156(a) is "not a crime" but is "deemed an offense."  *Id.* at § 155.

Citing, for the first time, *United States v. Scopo*, 19 F.3d 777 (2d Cir. 1994), Defendant argues that § 1156(a) provides probable cause for Plaintiff's arrest.  In *Scopo*, the Second Circuit found that Scopo's stop and arrest did not violate the Fourth Amendment because officers had witnessed him failing to signal while changing lanes -- a minor traffic violation under New York Vehicle and Traffic Law § 1163(d).  *Id.* at 781–82.  Similarly here, the video submitted shows that Plaintiff stepped off the sidewalk, walked along the side of the street, and filmed Defendant while on the side of the roadway.  Under *Scopo*, even committing violations of minor traffic laws may serve as a basis for probable cause to stop the driver of a vehicle.  *Id.*  Although *Scopo* involved the arrest of a *driver* of a motor vehicle rather than a pedestrian, Medina had at least arguable probable cause to arrest Plaintiff where she was walking in the roadway when a

3

sidewalk was provided in violation of the New York Vehicle and Traffic Law § 1156(a), was yelling, and declared that her photo was on the precinct wall.  Medina is entitled to qualified immunity.

The constitutionality of subjecting someone who steps off the sidewalk and walks a few steps in the roadway to a full-blown custodial arrest appears dubious, but binding precedent dictates the outcome in this case.  *See Glasgow v. Beary*, 2 F. Supp. 3d 419, 423–25 (E.D.N.Y. 2014) (Weinstein, J.) (holding that if defendant arrested plaintiff after observing him commit a violation of the New York traffic code, he would be entitled to qualified immunity, but explaining reasons for doubting the constitutionality of non-criminal traffic infractions serving as the basis for an arrest and attendant potential consequences, including being held in jail for forty-eight hours without appearing before a judicial officer and being forced to undergo visual inspection of genitals, among others).  Because Defendant is entitled to qualified immunity, Defendant's additional arguments are not considered.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is GRANTED. Defendant Medina is granted summary judgment on Plaintiff's Fourth Amendment claim arising from her July 2012 arrest.  The Clerk of Court is directed to close docket number 101 and close this case.

SO ORDERED.

Dated: January 13, 2017
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE